IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GERALD SZAKAL,                          )
          Petitioner,                    )
                                          )      2:13cv1127
          vs.                            )      Electronic Filing
                                          )
BRIAN COLEMAN, Superintendent/          )
Warden of the State Correctional Institution )
at Fayette, et al.,                      )
          Respondents.                   )

MEMORANDUM ORDER

On August 2, 2013, the petitioner, Gerald Szakal, by his counsel, Noah Geary, filed a

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenged his

conviction on two counts of second-degree murder, two counts of robbery, one count of theft by

unlawful taking, one count of receiving stolen property and two counts of conspiracy to commit

robbery and the two concurrent life sentences, without the possibility of parole, imposed by the

Court of Common Pleas of Washington County, Pennsylvania on November 25, 2009. On

November 5, 2013, United States Magistrate Judge Robert Mitchell filed a Report and

Recommendation which recommended that the petition be dismissed and that a certificate of

appealability be denied (ECF No. 12).

On November 22, 2013, petitioner's counsel filed objections to the Report and

Recommendation (ECF No. 13), in which he contended that the magistrate judge committed both

procedural error (by denying him the opportunity to file a brief and a petition for leave to conduct

discovery) and substantive error (by failing to address his challenge to a state court decision as

being an unreasonable determination of the facts in light of the evidence presented in the state

court proceeding). In addition, counsel filed a document titled Petition for Leave of Court to File Document Under Seal (ECF No. 14), in which he requested leave to file under seal an additional document which would provide "additional information in further support of the Petitioner's allegations that the trial Court directed the trial stenographer to tamper with the trial transcripts in the underlying murder trial in this matter." On December 11, 2013, Chief Judge Conti granted the motion for leave to file documents under seal (ECF No. 15) and on January 31, 2014, the petitioner was directed to file such documents by February 7, 2014.

On February 8, 2014, counsel filed a reply to this Court's order, in which he indicates that: "Upon conducting further interviews of the employees referenced in the Petition for Leave, the undersigned determined that the information of the employees referenced therein was not as probative of the tampering allegation as originally represented by the employees." (ECF No. 16 ¶ 3.) Counsel then reiterates the arguments made in the objections and, for the first time, submits (as an exhibit to the reply) a document entitled "Petition for Leave to Conduct Discovery Pursuant to Rule 6 of Federal Rules of Procedure Governing Section 2254 (Habeas Corpus) Cases," which he contends "the Petitioner was denied the opportunity to file by the Magistrate Judge." (Id. ¶ 14.)

For the reasons that follow, petitioner's objections will be overruled and his submission, even assuming it constituted a motion for leave to conduct discovery, will be dismissed as moot.

In his first objection, petitioner contends that:

> The most serious error committed by the [magistrate judge] was in denying the Petitioner his opportunity and his right to have his issues decided on their merits.

Despite a specific reference at paragraph 34 of his application that Petitioner would be filing a petition for leave of court to conduct discovery pursuant to **Rule 6**, the [magistrate judge] issued an opinion upon receipt of an answer by the Commonwealth and receipt of the state trial record. The Petitioner was denied the opportunity to present the Petition for Leave to Conduct Discovery.

(ECF No. 13 at 6.)[1]  The Court notes that paragraph 34 of the petition stated that, "in conjunction with this Application for Writ of Habeas Corpus, the Petitioner is filing a Petition for Leave of Court to conduct discovery pursuant to **Rule 6 of the Federal Rules of Procedure** governing Section 2254 cases.  The Petitioner has good cause to justify the grant of leave to conduct discovery, which is set forth in detail in the corresponding Petition for Leave." (ECF No. 1 ¶ 34.) However, no such motion for leave to conduct discovery was submitted with the petition for writ of habeas corpus, nor has any motion for leave to conduct discovery been filed at any time.  As explained below, the "petition" counsel finally has submitted is an exhibit to his reply to this Court's order directing him to submit his sealed documents and is not a separately filed motion. Thus, counsel has misrepresented the procedural history of this case and falsely accused the magistrate judge of denying a motion for leave to conduct discovery that he never filed or "preventing" him from filing a motion that he never sought leave to file.  This objection is overruled.

Next, counsel claims that the magistrate judge:

inexplicably chastised both parties for not citing Federal law in their Briefs. **Yet, neither party even filed Briefs.** They never had the opportunity. The [magistrate judge] drafted [his] opinion upon the close of the pleadings. Petitioner explicitly indicated that it would be filing a Brief at paragraph 62 of his Application. Petitioner was denied his opportunity and his right to litigate his issues.

---

[1] Petitioner refers to the magistrate judge as "the lower Court."  (ECF No. 13 at 2.)  This is not a proper designation.

(ECF No. 13 at 6.) Again, however, counsel has misconstrued the record and in addition has not adhered to the Federal Rules of Civil Procedure. Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts states that: "The answer must address the allegations in the petition. In addition, it must state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations." Rule 5(b). Thus, the answer submitted by the respondent is a brief. There is no other provision for a brief on behalf of the respondent.

With respect to the petitioner, it is true that the petition stated that "The Superior Court decision was contrary to and involved unreasonable application of clearly-established Federal law relating to abuses of discretion by trial judges in denying mistrial motions and in giving erroneous jury instructions, which will be briefed in detail by the Petitioner." (ECF No. 1 ¶ 62.) However, the petition, which was filed on August 2, 2013 and was 26 pages long, also contained legal argument (albeit not citing any federal law) and petitioner never submitted a separate brief. Respondents filed an answer on October 9, 2013 (ECF No. 9), yet petitioner never submitted a reply brief, nor did he request permission to do so. After the Report and Recommendation was filed on November 5, 2013, petitioner did not file a motion for reconsideration, nor did he make any attempt to file a brief. He has not even submitted a brief as part of his objections.

Moreover—and contrary to the assertion made by counsel—the Report and Recommendation addressed on the merits all of the claims made in the petition. The magistrate judge frequently and properly cited the extremely thorough published opinion of the Pennsylvania Superior Court, Commonwealth v. Szakal, 50 A.3d 210 (Pa. Super. 2012). The Superior Court reviewed at length petitioner's allegations that the trial court: improperly denied

4

his motion for a mistrial based upon an incident during jury selection when a member of the

venire who was annoyed with the wait made an outburst that the petitioner was guilty; erred in

denying his motion for a mistrial following an incident where a Commonwealth witness spoke

directly to jurors during a court recess (including his contention that the trial court "moved"

counsel's motion for a mistrial to a later portion of the proceeding, "which enabled the trial judge

to dismiss the mistrial motion as being untimely made"); erred in denying his motion for a

mistrial following certain comments made during the prosecutor's closing arguments (including

his contentions that the trial court "moved" counsel's motion for a mistrial to a later portion of

the proceeding, "which enabled the trial judge to dismiss this mistrial motion as being untimely

made," and that, despite a curative instruction given by the trial court, a juror came forward after

the verdict and produced a "sworn affidavit" that the jury disregarded the instruction during its

deliberations, which it declined to credit under the "no impeachment rule" contained in

Pennsylvania Rule of Evidence 606(b)); and erred in giving an incomplete and misleading jury

instruction regarding unanimity of the verdict in response to a question from the jury (including

his contention that the trial judge completely removed counsel's objection to the instruction from

the court transcript). The Report and Recommendation concluded that petitioner failed to

demonstrate that the Superior Court's conclusions that these claims were without merit were

contrary to or an unreasonable application of clearly established federal as determined by the

Supreme Court of the United States.

As an initial matter, it must be noted that counsel has misrepresented what actually

occurred with respect to his serious three allegations that the trial court tampered with the official

transcript. First, with respect to the motion for mistrial concerning witness Dennis Hawkins'

5

improper contact with the jury, counsel alleges that the trial court moved his objection from page 119 to page 169 of the transcript for September 23, 2009, "which enabled the trial judge to dismiss the mistrial motion as being untimely made." In the transcript, the trial judge responded to counsel's motion by saying "Motion for mistrial denied, Mr. Geary. Exception noted. After colloquying the jury, I find that there has not been any reason to grant that. So noted." (T.T. Sep. 23, 2009 at 169.)

In her opinion filed on June 9, 2010, the trial judge did state that the motion for mistrial was untimely (Tr. Ct. Op. June 9, 2010 at 46). However, the judge then went on to hold that, in any case, the motion failed because Hawkins merely repeated what he had said in court, only one juror heard the content of his out-of-court statement, and all jurors were questioned and affirmed that they could still be fair and impartial (id. at 48-49). On May 2, 2011, the trial judge filed a supplemental opinion, to which she attached the relevant pages of the trial transcript and audio CDs, to demonstrate that the transcript had not been altered. On appeal, the Superior Court affirmed, holding that, based on the colloquy of the jurors, the petitioner "has failed to prove that he was prejudiced and we cannot conclude that the trial court abused its discretion in denying [his] motion for a mistrial." 50 A.3d at 220. Thus, counsel's representation that the trial judge merely dismissed his motion for a mistrial on the basis of timeliness is false.

Similarly, counsel argues that, immediately after the prosecutor's closing argument which improperly suggested that the defense had failed to call witnesses or perform tests, he made a motion for mistrial, which should have appeared on page 80, but was moved to page 90 of the transcript for September 29, 2009, which "enabled the trial judge to dismiss the mistrial motion as being untimely made." In the transcript, the trial judge told the prosecutor that his statements

6

had been improper, but "I do not think it is to the point that a mistrial be granted. This is denied, but I am going to bring the jury back in and given them a cautionary instruction." (T.T. Sep. 29, 2009 at 91.) Again, in her opinion, the trial judge found the motion untimely (Tr. Ct. Op. June 9, 2010 at 52-53), but then went on to conclude that the motion would fail in any event because the error was harmless and was cured by the cautionary instruction she gave the jury (id. at 53-56). In her supplemental opinion, the trial judge attached the relevant pages of the trial transcript and audio CDs, to demonstrate that the transcript had not been altered.

On appeal, the Superior Court held that it disagreed that the prosecutor's comments improperly imposed on the petitioner a burden of production or persuasion. "Nevertheless, to the extent that they were not a fair response to trial counsel, we note that the trial court issued a cautionary instruction to the jury regarding the prosecutor's remarks." 50 A.3d at 222 (footnote omitted). Thus, counsel's representation that the trial judge merely dismissed his motion for a mistrial on the basis of timeliness is false.

Finally, counsel argues that he objected to the trial judge's response to a jury question but that his objection, which should have appeared on page 22 of the September 30, 2009 transcript, was removed completely, and that "the Superior Court deemed the issue of this erroneous, incomplete and coercive answer to the jury's question waived because the transcript certified as the original failed to contain the undersigned's objection." The trial judge wrote in her opinion that counsel had made no objection (Tr. Ct. Op. June 9, 2010 at 59-60), but also that she gave a clarifying instruction to the jury (id. at 61-62). In her supplemental opinion, she noted that the court reporter did not bring her recording device to the bench for sidebar conferences, so there was no way to compare the transcript with the audio recording. However, the trial judge noted

7

that counsel had provided no basis to conclude that the court reporter did not properly record the sidebar (and the fact that counsel was wrong about the other two instances supplied significant circumstantial evidence that the sidebar was properly recorded). On appeal, the Superior Court did deem the issue waived, 50 A.3d at 225, noting that counsel's silence during a subsequent sidebar bolstered this conclusion, id. n.10. In addition, however, the court stated that it was "compelled to note that, even if [the petitioner's] claim were properly preserved it would not merit him relief." Id. Thus, counsel's representation that the Superior Court did not reach the merits of the issue is false.[2]

Petitioner argues that the Report and Recommendation "wholly ignored the fact that the Petitioner primarily seeks relief under **Section 2254(d)(2),** not **(d)(1). Section (d)(2)** challenges a state court decision that is based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." (ECF No. 13 at 8.)

Although the Report and Recommendation may not have explicitly cited § 2254(d)(2), it implicitly concluded as part of the analysis that the Superior Court's decision was not based on an unreasonable determination of the facts in light of the evidence presented in the proceeding and petitioner has not met his burden of demonstrating otherwise. The Court makes this conclusion explicitly herein. This objection is overruled.

In the objections to the Report and Recommendation, the petitioner indicated that he

---

[2] It is noted that the Superior Court expressed "extreme displeasure that counsel did not address his claims with the trial court, despite this Court's express Order to do so."; that the court concluded that he "disingenuously" claimed that he had been unable to obtain relief from the trial court when the record revealed that he did not attempt to do so; and that the court noted he "flouted proper procedure, and this Court's express order, by declining to address the allegedly deficient transcripts with the trial court...." 50 A.3d at 217 & n.7.

intended to file additional support for his claims with documents under seal. His motion to file the documents under seal was granted, but he now admits that he has no additional support. Therefore, for all of the reasons explained in the Report and Recommendation and herein, the petition for writ of habeas corpus should be dismissed.

Finally, petitioner has submitted as an exhibit a "Petition for Leave of Court to Conduct Discovery Pursuant to Rule 6 of Federal Rules of Procedure Governing Section 2254 (Habeas Corpus) Cases" (ECF No. 16-1). In this submission, counsel states that he seeks production of the original trial transcript, which he contends would: 1) show that he did "object to the trial judge's erroneous, incomplete, coercive answer to the jury's question during deliberations on unanimity" (ECF No. 16-1 ¶ 8) which the Superior Court did not reach the merits of because it deemed the issue waived in that the objection was not contained in the trial transcript; 2) would show the proper placement of counsel's two mistrial motions, which the trial court deemed waived as being untimely after they were moved in the transcript; and 3) bring to light the trial judge's tampering with the transcript, which is a crime under Pennsylvania law. The petition would seek to allow counsel to obtain a forensic computer expert to examine the trial stenographer's steno writer, original diskettes, steno paper and back-up audio recordings and personal computer, as well as any courtroom audio recordings which might exist. It further would request leave to take the depositions of the trial stenographer, the trial judge, the judge's tipstaff, secretary and law clerk, the court administrator and four information technology department employees.

In the first instance, the "petition" was not filed as a motion, but only as an exhibit to the petitioner's reply to this Court's order granting him leave to file documents under seal.

Therefore, it is not pending before this Court as a motion for disposition. Nevertheless, even if it were properly filed as a motion, it would be moot because the petition will be dismissed for the reasons stated above.

AND NOW, this 28th day of February, 2014,

IT IS HEREBY ORDERED that the petition for a writ of habeas corpus filed by petitioner (ECF No. 1) is dismissed and, because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is denied.

IT IS FURTHER ORDERED that the Petition for Leave of Court to Conduct Discovery Pursuant to Rule 6 of Federal Rules of Procedure Governing Section 2254 (Habeas Corpus) Cases (ECF No. 16-1), submitted by petitioner, is dismissed as moot.

The Report and Recommendation submitted by Magistrate Judge Mitchell is adopted as the opinion of the Court, as supplemented herein.

The Clerk shall mark this case closed.

_____
David Stewart Cercone
United States District Judge

cc: Honorable Robert C. Mitchell
    United States Magistrate Judge
    Noah Geary, Esquire
    Jerome A. Moschetta, Esquire

    (*Via CM/ECF Electronic Mail*)